UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MARILYN MAY SLONIKER LIVING TRUST,
by its Trustee, Marilyn M. Sloniker
PO BOX 104
Beloit, WI 53512
Plaintiff,

v.

EDUCATORS CREDIT UNION
321 SE Frontage Road
Mount Pleasant, WI 53403
and

UNKNOWN CLAIMANTS
Address Unknown
Defendants.

Case No.: __26-cv-173-wmc__

## VERIFIED COMPLAINT TO QUIET TITLE

## AND FOR DECLARATORY RELIEF

Plaintiff, Marilyn MAY Sloniker Living Trust, by its Trustee Marilyn M. Sloniker, for its Verified Complaint against Defendants, alleges as follows:

## I. PARTIES

1. Plaintiff Marilyn MAY Sloniker Living Trust ("Plaintiff" or "the Trust") is a valid trust and the lawful titled owner of the real property that is the subject of this action.
2. Plaintiff Marilyn M. Sloniker is the Trustee of the Trust and brings this action on behalf of the Trust.
3. Defendant Educators Credit Union is a Wisconsin financial institution that asserted foreclosure rights against the subject property.
4. Defendants Unknown Claimants are persons or entities who may claim an interest adverse to Plaintiff.
5. All Defendants are joined to determine any and all claims to the subject property.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Wis. Stat. §§ 801.04, 806.04, and 841.01.
7. Venue is proper in Rock County, Wisconsin, because the real property at issue is located in Rock County.
8. This action seeks equitable and declaratory relief concerning title to real property.

## III. PROPERTY AT ISSUE

9. The real property that is the subject of this action is commonly known as:

1230 House Street, Beloit, Wisconsin 53511

10. The legal description of the property is attached hereto as Exhibit A and incorporated by reference.

## IV. FACTUAL ALLEGATIONS

### A. Trust Ownership of the Property

11. By Warranty Deed recorded March 7, 2024, as Document No. 2257908, in the Office of the Rock County Register of Deeds., the subject property was conveyed into the Marilyn MAY Sloniker Living Trust prior to foreclosure judgment and prior to foreclosure sale.
12. The deed expressly reflects a transfer into trust pursuant to Wis. Stat. § 77.25(16).
13. At all times relevant to the foreclosure proceedings, including judgment and sale, legal title was vested in the Trust, not in Marilyn M. Sloniker individually.

### B. Foreclosure Prosecuted Against the Wrong Party

14. Despite the Trust's ownership, a foreclosure action was prosecuted solely against Marilyn M. Sloniker in her individual capacity.
15. The Trust was never named as a defendant, never joined, and never served.
16. The foreclosure court therefore never acquired jurisdiction over the real party in interest.

### C. Lack of Standing

17. Standing is a jurisdictional prerequisite that must exist at the inception of a foreclosure action and at the time of sale.
18. Because the Trust held legal title and was not a party to the foreclosure action, Educators Credit Union lacked standing to foreclose upon or sell the property.
19. Standing defects are non-waivable and cannot be cured by default judgment, confirmation of sale, or appellate dismissal.

### D. Foreclosure Sale Without Authority

20. A foreclosure sale of the subject property was conducted on September 4, 2025.
21. At the time of the sale, the Trust was the lawful titled owner of the property.
22. The sale proceeded without jurisdiction over the Trust and without lawful authority.
23. Any sheriff's deed or conveyance issued as a result of that sale is therefore void or voidable.

### E. Occupancy and Use

24. At all times relevant, the property was not vacant.
25. The property was used as a church property, operating as Hope for All International Fellowship.
26. Two pastors were renting and occupying the premises at the time of foreclosure proceedings and sale.
27. No lawful notice was provided to all parties in possession or to the Trust prior to the sale.

### F. Cloud on Title

28. Defendants' actions have created a cloud on Plaintiff's title, impairing the Trust's ownership, use, and ability to convey or finance the property.
29. Plaintiff seeks a judicial determination of all interests in the subject property.

## V. FIRST CAUSE OF ACTION

(Quiet Title – Wis. Stat. § 841.01)

30. Plaintiff realleges Paragraphs 1 through 29.
31. Plaintiff is the lawful owner of the subject property.
32. Defendants claim or may claim interests adverse to Plaintiff.
33. Any such claims are invalid, unenforceable, and inferior to Plaintiff's title.

34. Plaintiff is entitled to judgment quieting title in its favor.

## VI. SECOND CAUSE OF ACTION

(Declaratory Relief – Wis. Stat. § 806.04)

35. Plaintiff realleges Paragraphs 1 through 34.
36. An actual controversy exists regarding title and ownership.
37. Plaintiff seeks declarations that:
    a. The foreclosure judgment was entered without jurisdiction;
    b. The foreclosure sale conducted on September 4, 2025 was unauthorized;
    c. Any sheriff's deed issued is void or voidable;
    d. Plaintiff holds superior and exclusive title to the property.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment quieting title to 1230 House Street, Beloit, Wisconsin 53511 in favor of the Marilyn MAY Sloniker Living Trust;
B. Declare the foreclosure judgment, sale, and sheriff's deed void or voidable;
C. Bar Defendants from asserting any adverse interest;
D. Award such further relief as the Court deems just and equitable.

## VIII. VERIFICATION

I, Marilyn M. Sloniker, being the Trustee of the Marilyn MAY Sloniker Living Trust, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: 2/24/26

Marilyn M. Sloniker
Trustee, Marilyn MAY Sloniker Living Trust